## MATTICE v. ALLEN.

September, 1867.

Reversing 33 *Barb.* 543.

A sale of personal property upwards of fifty dollars in value, on an agreement between the seller and the agent of the buyer that a debt due to the agent from the seller shall apply as a payment on the price, is not "a payment at the time of making the contract" within the provisions of the statute of frauds. 2 *R. S.* 136, § 3.

The doctrine that an agreement that mutual debts shall be applied in satisfaction of each other, operates as a satisfaction of both, will not constitute a payment such as will save an oral agreement from the statute of frauds.

John W. Mattice sued William G. Allen and Adolf Hugel,

in the supreme court, to recover damages for defendants' breach of an alleged contract to purchase from plaintiff some fifteen hundred bushels of barley, to be paid for on delivery.

The plaintiff proved an oral bargain for the sale as alleged in the complaint. He also proved that after some negotiation, but before consummating the trade, he had borrowed from defendants' agent the sum of forty dollars which, it was then agreed between them, should be applied upon the sale of the barley, if they should afterward conclude a bargain therefor. A few days afterward they concluded such bargain, and it was then agreed that the forty dollars should be applied on the contract.

Defendants moved for a nonsuit, on the ground that there was no note or memorandum of the sale, and no payment of purchase money, and therefore no valid agreement under the statute of frauds. The referee denied the motion, and after defendants' evidence had been received, reported in favor of the plaintiff.

*The supreme court*, on appeal, were of opinion that there was here a sufficient payment to take the case out of the statute, within the principles of Brabin v. Hyde, 30 *Barb.* 267; Artcher v. Zeh, 5 *Hill*, 200; Ely v. Ormsby, 12 *Barb.* 570; 2 *Sandf.* 157. (Reported in 33 *Barb.* 543.) Defendants appealed to this court.

*D. Rumsey*, for defendants, appellants;—Cited Downs v. Ross, 23 *Wend.* 270; Shindler v. Houston, 1 *N. Y.* (1 *Comst.*) 261; 2 *R. S.* 136, § 3; 135, § 2; Conkling v. King, 10 *Barb.* 372;* Artcher v. Zeh, 5 *Hill*, 200; Clark v. Tucker, 2 *Sandf.* 157; Ely v. Ormsby, 12 *Barb.* 570; Teed v. Teed, 44 *Id.* 96; Brabin v. Hyde, 32 *N. Y.* 520; Shindler v. Houston, 1 *N. Y.* (1 *Comst.*) 261–5; Baker v. Cuyler, 12 *Barb.* 667; 3 *R. S.* 2 ed. 656–7; Bissell v. Balcom, 40 *Barb.* 98; Sprague v. Blake, 20 *Wend.* 61; McKnight v. Dunlop, 5 *N. Y.* (1 *Seld.*) 537; Metcalf v. Mattisons, 32 *N. Y.* 464; Magee v. Osborn, *Id.* 669–677.

* Affirmed in 10 *N. Y.* (6 *Seld.*) 440.

*A. P. Ferris,* attorney for plaintiff, respondent;—Cited Davis *v.* Spencer, 24 *N. Y.* 390; Hoyt *v.* Thompson, 19 *Id.* 212; Cady *v.* Allen, 18 *Id.* 573; *Code,* § 272; Allen *v.* Culver, 3 *Den.* 284; 1 *Wait L. & Prac.* 1063, 1080; Truscott *v.* King, 6 *N. Y.* (2 *Seld.*) 147; Combs *v.* Bateman, 10 *Barb.* 573; Marvin *v.* Vedder, 5 *Cow.* 671; Billings *v.* Vanderbeck, 23 *Barb.* 546; Lounsbury *v.* De Pew, 28 *Id.* 48–9; Shindler *v.* Houston, 1 *N. Y.* (1 *Comst.*) 261; Brabin *v.* Hyde, 32 *Id.* 519.

GROVER, J.—The precise question presented by the defendants' motion for a nonsuit was decided against the plaintiff by this court in Brabin *v.* Hyde, 32 *N. Y.* 519. In that case, the purchaser had a debt of upward of two hundred dollars against the seller, and made a verbal contract to purchase from him a mare and colt for one hundred and seventy-five dollars, and to apply the purchase money in payment of the debt. This court held, that the agreement so to apply the purchase price was not a payment at the time of making the contract, within the last clause of section 3, 2 *R. S.* 136.

In the present case, the defendants' agent, who made the agreement to purchase of the plaintiff his barley, had a debt against him of forty dollars, and agreed at the time that this debt should apply as payment upon the barley. It is manifest that the circumstance of the debt being due the agent instead of the defendants, can make no difference, at least, favorable to the plaintiff. The referee should therefore have held that the contract was void by the statute of frauds, and on this ground granted the motion for a nonsuit. There was no proof given subsequent to the denial of the motion, tending in any respect to show the contract to be valid, and therefore the defendants' exception to the erroneous ruling was not obviated.

The reason of the rule held in Brabin *v.* Hyde is that mere words will not satisfy the requirement of the statute. That in addition, some act of the parties is required, showing by such act their assent to the contract. The delivery of the note of a third person or anything else agreed to be received in payment, in whole or in part, is such act as is required when a debt due the purchaser from the seller is to apply as payment, the de-

livery by the former to the latter of the evidence of the debt for cancellation or the delivery and acceptance of a discharge of the debt will constitute such act and render the contract valid.

The counsel for the respondent insists that the agreement of the parties to apply the debt in payment discharges the debt, and therefore it must be regarded as a payment upon the contract, and cites Davis v. Spencer, 24 N. Y. 386, in support of the position. It is true that when mutual debts exist an agreement by the parties to apply the same in satisfaction of each other will operate as satisfaction of both, as held in Davis v. Spencer. But that doctrine has no application to the present case, for the reason that the statute makes void the entire agreement when there was nothing but mere words. That is clearly the present case.

The judgment appealed from must be reversed and a new trial ordered, costs to abide the event.

All the judges concurred, except FULLERTON, J., not voting.

Judgment reversed and a new trial ordered, costs to abide the event.